EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff,

v.

STATE OF WEST VIRGINIA CIVIL SERVICE COMMISSION and State of West Virginia, Defendants.

James J. DAVIS and Richard H. Davis, Jr., Plaintiffs,

v.

WEST VIRGINIA DEPARTMENT OF NATURAL RESOURCES and State of West Virginia, Defendants.

Civ. A. Nos. 2:86–0493, 2:86–0255.

United States District Court, S.D. West Virginia, Charleston Division.

Nov. 20, 1987.

Johnny J. Butler, Philip B. Sklover, E.E.O.C., Washington, D.C., Spencer H. Lewis, Jr., Regional Atty., Reginald L. Sydnor, Supervisory Trial Atty., Louis Rodriguez, Trial Atty., E.E.O.C., Philadelphia, Pa., Marye Wright, Asst. U.S. Atty., Charleston, W.Va., Phyllis Palmieri, Pursglove, W.Va., for E.E.O.C.

Charles G. Brown, Atty. Gen., Dana D. Davis, Asst. Atty. Gen., Charleston, W.Va., for State of W.Va. Civil Service Com'n.

James J. Davis, Buckhannon, W.Va., pro se.

Richard H. Davis, Jr., Fairmont, W.Va., pro se.

Paul Richard Hull, Sr. Asst. Atty. Gen., Charleston, W.Va., for West Virginia Dept. of Natural Resources.

### MEMORANDUM OPINION

DENNIS R. KNAPP, District Judge.

These consolidated actions were filed on behalf of certain individuals who were denied employment as conservation officers for the State of West Virginia. The applicants assert that they were denied employment for the sole reason that, at the time they sought employment, they were over the statutory maximum hiring age. Defendants counter by alleging that the applicants were denied employment for bona fide reasons other than age. Each of the individuals involved herein was at least 40 years of age at the time he applied for the position of conservation officer. *W.Va. Code*, 20–7–2, provides in pertinent part:

§ 20–7–2. Qualifications, etc., of conservation officers.

In addition to civil service qualifications and requirements, persons selected as conservation officers shall have reached their eighteenth birthday and shall not have reached their *fortieth birthday* at the time of appointment, be in good physical condition and of good moral character, temperate in habits and shall not have been convicted of a felony.... (Emphasis added).

The matter is presently pending before the Court on plaintiff's motion for partial summary judgment, which motion is directed at the application of the statutory age requirement as a basis for denying employment.

█ In view of the fact that defendants allege that plaintiffs were denied employment for reasons other than age, it is apparent that there is a factual issue to resolve. However, insofar as plaintiff's motion seeks a determination of the validity of said West Virginia Statute, the Court will address the issue as a request for declaratory relief.

█ It is the opinion of the Court that the age limit set by the provisions of the statute in question (*W.Va. Code*, 20–7–2) is in conflict with and violative of the Federal Age Discrimination in Employment Act (ADEA), 29 U.S.C. 621, et seq., as of the date here involved. Therefore, employment of the parties to this litigation could not be denied for the reason that they had passed the 40–year–age limit set by the statute aforesaid.

The above ruling applies only to the parties to this action. It is to be noted that the ADEA (29 U.S.C. 621, et seq.) was amended effective January 1, 1987, and as

a result thereof a contrary ruling is indicated as to the validity of the statute subsequent to said date.

Accordingly, the Court is of the opinion that *W.Va. Code*, 20–7–2, should be declared in violation of ADEA inasmuch as it restricts the hiring age of the individuals included in this action.

## JUDGMENT ORDER

In accordance with the Court's Memorandum Opinion of even date herewith, which memorandum opinion is ORDERED filed and made a part of the record herein, it is hereby ORDERED that *W.Va. Code*, 20–7–2, be declared in violation of ADEA inasmuch as it restricts the hiring age of the individuals included in this action.

It is further ORDERED that the following dates be established for determination of the factual issues raised by defendant's answer.

1. Discovery shall be completed by December 31, 1987.

2. All dispositive motions shall be filed by December 31, 1987.

3. A final pretrial/settlement conference and a hearing on any pending motions shall be conducted on January 14, 1988.

4. Counsel shall tender their signed, integrated pretrial order, together with their respective proposed instructions and exhibits, and motions in limine, at the final pretrial conference.

5. Trial shall commence at 9:30 a.m. on January 18, 1988.

The Clerk is directed to mail certified copies of this order, together with a copy of the memorandum opinion, to counsel of record herein.